## Commercial Acceptance Corporation, Appellant, *v.* Burrell.

*Judgments—Opening—Discretion of Court.*

On a petition to open a judgment it appeared that the judgment for $2002 was entered on a warrant in a note collateral to a bailment lease of an automobile; that it was not due and demandable at the time it was signed, but payable in installments; that the price of the automobile as originally stated to the defendant was $1450; and that the plaintiff questioned the correctness of the amount of the judgment note at the time of its execution.

Under such circumstances the court did not abuse its discretion in opening the judgment.

Argued November 16, 1925. Appeal No. 230, Octobe T., 1924, by plaintiff, from judgment of C. P. Delaware County, September T., 1923, No. 298, in the case of Commercial Acceptance Corporation v. Nellie Burrell. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment.  Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute.  Plaintiff appealed.

*Error assigned,* was the order of the court.

*E. LeRoy Van Roden,* and with him *George J. Edwards, Jr.,* for appellant.

The testimony of the defendant alone is not sufficient to overcome her written promise to pay:  Juniata Bld. Assn. v. Hetzel, 103 Pa. 507; Greenfield's Estate, 14 Pa. 489; Waslee v. Rossman, 231 Pa. 219; Hicks v. Harbison Walker Co., 212 Pa. 437.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., February 26, 1926:

The judgment in this case was entered by virtue of a warrant contained in a note, payable on demand, to the Commercial Acceptance Corporation, in the sum of $2002, the judgment being entered for $1947.  There is nothing in the note that indicates how the consideration arose.  After the entry of judgment, and a levy made upon her personal property, the maker petitioned the court to open the judgment.  Her story is that she arranged to buy the truck from the General Motor Service Company for $1058, and that the transaction was financed by the Commercial Acceptance Corporation, the plaintiff.  The price the General Motor Service Company fixed on the car, as stated by its sales manager, was $1450.  The plaintiff leased it to the defendant for a total rental of $2002, payable at the rate of $15 per week.  The agreement of lease contains the usual clause that a failure to pay any of the rental shall render the whole amount due.  It also contains a provision: "The right to enter judgment upon this bailment contract for the purpose of settlement regard-

less of default is hereby given to the Bailor, and the latter is also authorized and empowered to enter up in the Prothonotary's office the judgment note payable on demand,'' (the note upon which the present judgment was entered), and also permits a retaking of the car, pending the efforts to collect the balance, either by process of law, or by voluntary payment, and the lessor agrees to give the car back to the bailee if she pays the rent and therefore becomes the ''absolute owner.'' ''This instrument contains all of the terms of the contract entered into this day between the parties hereto; nothing has been omitted therefrom, and there are no contemporaneous parol agreements between the parties hereto; and it is expressly stipulated that no special or collateral agreement of any sort or kind shall bind either party to this contract unless it be written upon the face hereof.'' The bailment lease is very full and contains every possible provision to protect the lessor and nothing to relieve the lessee if she fails in one iota.  When the defendant gave the judgment note for $2002, she says she questioned the correctness of the amount, and was told that she had 2½ years to pay the amount, and that ''the interest and all would amount up to that much.''  This seems to find some confirmation in the fact, as stated before, that the General Motor Service Company's salesman fixed the price at $1450.  When the levy was made by the sheriff, it appears that ''they'' took the machine away and left it standing in the weather on the Baltimore Pike.  Whether this was done by the sheriff in carrying out the mandate of his writ, or under the lease which gave the lessee the right to retake, does not appear.  It is very evident that the judgment was in the nature of a collateral obligation, and was given for a sum on which there was nothing presently due and demandable at the time it was signed.  It was given for the same sum which the lease called for as rent, but was

payable on demand without any reference to any default and bore interest on the entire sum, while the lease was payable in installments at the rate of $15 per week without interest.   Considering these varying obligations, and in view of the fact that the original price of the car was to be $1450, we are not convinced that the court abused its discretion in opening the judgment.

The order of the lower court is affirmed.